# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Stephen M. Burks,**
**Petitioner Below, Petitioner**

**vs.)   No. 12-0148** (Raleigh County 10-C-606)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen M. Burks, *pro se*, appeals the Circuit Court of Raleigh County's order, entered January 5, 2012, denying his petition for a writ of habeas corpus. The respondent warden, by Laura Young, his attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted through a guilty plea of attempted murder (Count One), malicious wounding (Count Two), wanton endangerment (Count Four), and felony possession of a firearm (Count Five). The attempted murder and malicious wounding charges involved one victim, while the wanton endangerment charge involved a second victim. Count Three of the indictment provided for enhancement of the sentences for attempted first degree murder and malicious wounding because of the use of a firearm. Petitioner also faced the possibility of a life sentence under the recidivist statute.

Petitioner avoided a life recidivist sentence by pleading guilty to the indictment. In exchange, petitioner was allowed to plead to being a once previously-convicted felon, rather than a twice previously-convicted felon. Thus, petitioner received only the five year sentence enhancement under the recidivist statute, added onto his sentence for wanton endangerment. Petitioner was sentenced to consecutive sentences of three to fifteen years for attempted murder, three to ten years for malicious wounding, ten years for wanton endangerment, and five years for felon in possession of a firearm. As reflected in the transcript of petitioner's habeas hearing, "the

1

trial court allowed [petitioner] to accept [the] plea offer, even though the State was trying to have it declared expired, and allowed [petitioner] to do that and [petitioner] proceeded to accept that plea offer."

Petitioner's habeas hearing[1] addressed only ineffective assistance of trial counsel in connection with the plea agreement and the claim of double jeopardy because the circuit court had earlier dismissed his other claims.[2] Petitioner's habeas counsel argued that trial counsel should have negotiated a better deal with the plea. He relied upon *State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983), for the proposition that double jeopardy may attach when no additional facts are needed to prove two distinct charges. The respondent warden's counsel argued that petitioner was allowed to accept a plea agreement that the State no longer wanted. In relation to double jeopardy, the respondent warden's counsel emphasized there were two victims. Even when there is one victim, attempted murder and malicious wounding can still be charged separately under *State v. George*, 185 W.Va. 539, 408 S.E.2d 291 (1991). The circuit court's order denying the petition was entered January 5, 2012. The circuit court ruled as follows:

> Upon consideration of all pleadings, evidence presented and argument of counsel, the Court finds no basis in fact or law to grant habeas relief on the remaining grounds of ineffective assistance of counsel and double jeopardy. The plea and sentencing transcripts confirm that defense counsel successfully obtained a favorable plea offer and obtained an Order enforcing such offer after it had expired; that the petitioner desired the plea agreement entered into and knowingly, intelligently and voluntarily entered the guilty pleas and confirmed the truth of the facts supporting each of the charges to which he entered a guilty plea and that he was, in fact, guilty and further confirmed that he was subject to enhance sentencing as a previously convicted felon.

> Further, this Court finds that there was no double jeopardy violation in the guilty pleas and convictions, as each of the felonies required proof of one or more distinct elements not required to prove the others, and that consecutive sentencing was appropriate and that the petitioner was fully informed, prior to entering the guilty pleas, regarding what the sentences would be and they all would run consecutively with one another. Accordingly, the Court finds as fact that all potential grounds for habeas relief have been fully and finally adjudicated or knowingly, intelligently and voluntarily waived.[3]

---

[1] Petitioner appeared at his habeas hearing via video conferencing.

[2] Petitioner did not appeal the earlier order that dismissed his petition in part.

[3] At the habeas hearing, petitioner's counsel indicated that petitioner filled out two *Losh* checklists

We review the circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asks this Court to consider three issues under the plain error doctrine:[4] (1) whether habeas counsel was ineffective by not reviewing the transcript of the plea hearing; (2) whether habeas counsel was ineffective by raising and then relinquishing arguments at the hearing; and (3) whether habeas counsel was ineffective by not filing an appeal from the circuit court's January 5, 2012, order denying the petition.[5] The respondent warden argues that this Court should not consider petitioner's appeal when he has not asserted that the circuit court abused its discretion. After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Raleigh County and affirm its January 5, 2012, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

---

of habeas grounds to be waived, one with counsel present and one he did by himself but "[being] well aware of the procedure and what to do." After petitioner indicated that he did not waive "excessive sentencing" and "severer sentence than expected," the circuit court asked petitioner: "I see your initials on it. Did you not place your initials there?" Petitioner replied, "I guess, Your Honor." The circuit court then asked counsel whether he believed petitioner had a basis for saying his sentences were either excessive or severer than expected. Counsel answered, "No, Your Honor, I don't, because the sentences that he received were allowed by statute."

[4] The standard for triggering the plain error doctrine was set forth in Syllabus Point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) ("To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.").

[5] Obviously, petitioner has now appealed the circuit court's order on his own. On March 20, 2012, petitioner requested this Court to appoint new habeas counsel. In light of this Court's disposition of petitioner's appeal, this Court concludes that petitioner's request should be and is hereby denied.

3

**ISSUED:**   March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II